| | |
|---|---|
| ALEX LEONARD AZEVEDO,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES EASTERN DISTRICT COURT OF CALIFORNIA,<br><br>    Defendant. | No. 1:24-cv-01404-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS BE DENIED<br><br>(ECF No. 2) |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Plaintiff is proceeding pro se in this action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on May 9, 2024, along with a motion to proceed in forma pauperis.  (ECF Nos. 1, 2.)  For the reasons explained below, Plaintiff's application to proceed in forma pauperis should be denied because he has had at least three actions or appeals dismissed as strikes and the allegations do not demonstrate that Plaintiff meets the imminent danger exception.

**I.**

**DISCUSSION**

The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals."  Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011).  Pursuant to the PLRA, the in forma pauperis statue was amended to include section

1

1  1915(g), a non-merits related screening device which precludes prisoners with three or more
2  "strikes" from proceeding in forma pauperis unless they are under imminent danger of serious
3  physical injury. 28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1050 (9th Cir.
4  2007). The statute provides that "[i]n no event shall a prisoner bring a civil action … under this
5  section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any
6  facility, brought an action or appeal in a court of the United States that was dismissed on the
7  grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted,
8  unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

9  A review of the actions filed by Plaintiff reveals that he is subject to 28 U.S.C. § 1915(g)
10 and is precluded from proceeding in forma pauperis unless Plaintiff, was, at the time the
11 complaint was filed, under imminent danger of serious physical injury. The Court takes judicial
12 notice[1] of the following United States District Court cases: (1) Azevedo v. Thompson, et al., No.
13 2:17-cv-01262-MCE-EFB (E.D. Cal. April 10, 2018) (dismissed for failure to state a claim at
14 screening); (2) Azevedo v. Colusa County Jail et al., No. 2:17-cv-00472-JAM-AC (E.D. Cal. Feb.
15 21, 2018) (dismissed for failure to state a claim at screening); (3) Azevedo v. Smith, et al., No.
16 2:16-cv-01214-TLN-AC (E.D. Cal. Aug. 9, 2016) (dismissed for failure to state a claim at
17 screening); (4) Azevedo v. Smith, et al., No. 2:16-cv-2809-JAM-EFB (E.D. Cal. Dec. 11, 2007)
18 (dismissed for failure to state a claim).[2]

19 The issue now becomes whether Plaintiff has met the imminent danger exception, which
20 requires Plaintiff to show that he is under (1) imminent danger of (2) serious physical injury and
21 which turns on the conditions he faced at the time he filed his complaint on November 10, 2024.[3]
22 Andrews, 493 F.3d at 1053-1056. Conditions which posed imminent danger to Plaintiff at some

---

[1] Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 634 n.1 (N.D. Cal. 1978).

[2] See also Azevedo v. Smith,, No. 2:18-cv-02818-TLN-AC (E.D. Cal. Feb. 26, 2019) (finding plaintiff suffered three or more strikes and denying in forma pauperis).

[3] The "mailbox rule" announced by the Supreme Court in Houston v. Lack, 487 U.S. 266 (1988), applies to section 1983 cases. See Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009). Pursuant to the mailbox rule, pro se prisoner legal filings are deemed filed on the date the prisoner delivers the document to prison officials for forwarding to the court clerk. Id. The proof of service attached to the Complaint is dated May 8, 2024, which the Court adopts as this action's constructive filing date.

earlier time are immaterial, as are any subsequent conditions.  Id. at 1053.  While the injury is merely procedural rather than a merits-based review of the claims, the allegations of imminent danger must still be plausible.  Id. at 1055.

Here, the Court finds that Plaintiff's allegations fail to demonstrate imminent danger of serious physical injury at the time of filing.  In the instant complaint, Plaintiff alleges that over the past several years he has filED different petitions in this Court and they are "being closed either the very same day its being filed or decided the very next day," and he is not being treated equally.  (ECF No. 1 at 3.)  Plaintiff references several cases which were filed in this Sacramento Division of this Court.  (Id. at 4-7.)  Plaintiff's allegations do not demonstrate an imminent risk of serious physical injury at the time of filing.  Therefore, Plaintiff must be required to pay the filing fee in full or have the action dismissed.  Andrews, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).

## II.

## CONCLUSION AND RECOMMENDATIONS

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that, pursuant to 28 U.S.C. § 1915(g), Plaintiff not be allowed to proceed in forma pauperis and instead be directed to pay the $405.00 filing fee in full if he wishes to proceed with this action.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14)** days after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court, limited to 15 pages, including exhibits.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised

///

///

///

///

that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**November 18, 2024**__

STANLEY A. BOONE
United States Magistrate Judge