UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX LEONARD AZEVEDO,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES EASTERN DISTRICT COURTS OF CALIFORNIA,<br><br>    Defendant. | Case No.: 1: 24-cv-01404 JLT<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS, AND DIRECTING PLAINTIFF TO PAY THE FILING FEE WITHIN 30 DAYS<br><br>(Docs. 2, 5) |

Alex Leonard Azevedo seeks to hold the Eastern District Court liable for unspecified violations of his civil rights, asserting a belief that his cases are not "being taken seriously or investigated," with nine identified civil rights and habeas actions. (Doc. 1 at 3, 4-7.) Azevedo requests to proceed *in forma pauperis* with this action. (Doc. 2.) For the reasons set forth below, the motion is **DENIED** and Azevedo shall pay the filing fee to proceed with this action.

**I.    Findings and Recommendations**

The magistrate judge found that "[a] review of the actions filed by Plaintiff" shows that he has at least four qualifying strikes under 28 U.S.C. § 1915, including the following actions:

    1. *Azevedo v. Thompson, et al.,* Case No. 2:17-cv-01262-MCE-EFB (E.D. Cal. April 10, 2018) (dismissed for failure to state a claim at screening);

    2. *Azevedo v. Colusa County Jail et al.*, Case No. 2:17-cv-00472-JAM-AC (E.D. Cal. Feb. 21, 2018) (dismissed for failure to state a claim at screening);

    3. *Azevedo v. Smith, et al.*, Case No. 2:16-cv-01214-TLN-AC (E.D. Cal.

1

Aug. 9, 2016) (dismissed for failure to state a claim at screening); and

4. *Azevedo v. Smith, et al.*, Case No. 2:16-cv-2809-JAM-EFB (E.D. Cal. Dec. 11, 2017) (dismissed for failure to state a claim).

(Doc. 5 at 2.) In addition, the magistrate judge found the allegations in the complaint did not support a conclusion that Azevedo was in "imminent danger of serious physical injury at the time of filing." (*Id.* at 3.) Rather, the magistrate judge observed that the allegations focused upon past litigation in the Sacramento Division of this Court, because Azevedo asserted that his cases were "being closed either the very same day its being filed or decided the very next day." (*Id.*) Therefore, the magistrate judge recommended the Court deny the application to proceed *in forma pauperis* and direct Azevedo to pay the filing fee in full to proceed with this action. (*Id.*)

## II. Objections

Azevedo filed objections to the Findings and Recommendations on November 22, 2024 (Doc. 6); November 25, 2024 (Doc. 8), and December 2, 2024 (Doc. 9). Azevedo asserts that he satisfies the "imminent danger" exception to Section 1915, because "every single day that [he is] incarcerated [his] life is in danger of serious physical injury." (Doc. 6 at 1; *see also* Doc. 9 at 2.) In addition, Azevedo contends the Court should not count the identified dismissal as strikes because his current incarceration began in June 2018 and the cases "were on a totally different incarceration." (*Id.* at 2; *see also* Doc. 9 at 1-2.)

Azevedo believes that the "District Court is teaming up with the Superior Court to stop him from litigating his actions. (Doc. 8 at 3; *see also* Doc. 9 at 3.) He asserts, "I believe that the California State Courts [have] contacted this District Court and [are] using them as part of their resources," which is why the Eastern District "is deciding [his] cases as their (sic) being filed without being looked into or investigated." (Doc. 6 at 3.) Azevedo maintains that he is not "being treated fairly or equally" by the Court, and "several of [his] cases … were filed and closed within minutes." (*Id.*) Azevedo also asserts that the magistrate judge issuing a decision before Azevedo indicated whether he consented to or declined the magistrate judge's jurisdiction is another example of misconduct by the Court. (Doc. 8 at 1-2.) He contends that "[n]ot all of [his] cases were sent to [him] in the mail," and he "wouldn't be surprised" if the Court assisted the CDCR with tampering with his mail. (*Id.* at 2.)

2

### III. Discussion and Analysis

A district judge may "accept, reject or modify, in whole or in part, the findings and recommendations..." 28 U.S.C. § 636(b)(1). If a party files objections, "the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendations to which objection is made." *Id.* A de novo review requires the Court to "consider[] the matter anew, as if no decision had been rendered." *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009).

#### A. Azevedo's litigation history[1]

As an initial matter—and part of the *de novo* review—the Court examined Azevedo's litigation history with the Eastern District, including the nine cases identified in the complaint. Azevedo listed cases that he claims the Court dismissed either the day after filing or decided even before they were filed. However, the Court did not dismiss any of actions within a day—let alone "within minutes" as Azevedo asserts in his objections— as discussed in the summary below of the cases identified by Azevedo in his complaint.

##### 1. *Azevedo v. Colusa County*, Case No. 2:17-cv-0117-KJN

Azevedo asserts the action was filed on January 26, 2017, and decided on January 26, 2017. (Doc. 1 at 4.) However, the docket demonstrates Azevedo filed his petition for writ of habeas corpus on January 17, 2017. (Case No. 2:17-cv-0117, Doc. 1.) The Court observed that Azevedo sought to challenge his conviction from November 23, 2016. (Case No. 2:17-cv-0117, Doc. 6 at 1.) Because Azevedo had appeals pending before the Third Appellate District, the Court found it was required to "abstain from addressing the instant petition," pursuant to *Younger v. Harris*, 401 U.S. 37, 43-54 (1971). (*Id.* at 2.) Therefore, the Court dismissed the petition without prejudice on January 27, 2017, and entered judgment. (Case No. 2:17-cv-0117, Doc. 6 at 3; Doc. 7.)

---

[1] Azevedo identifies nine actions in his complaint, several of which are also referenced in his objections: (1) *Azevedo v. Pfeiffer*, Case No. 2:21-cv-187-KJM-AC; (2) *Azevedo v. Colusa County*, Case No. 2:17-cv-0117-KJN; (3) *Azevedo v. Smith*, Case. No. 2:18-cv-2818-AC; (4) *Azevedo v. Colusa County*, Case No. 2:18-cv-3217-WBS-KJN; (5) *Azevedo v. Colusa County Superior Ct*., Case No. 2:17-cv-0545-DB; (6) *Azevedo v. Colusa County Jail*, Case No. 2:17-cv-0472-AC; (7) *Azevedo v. Thompson*, Case No. 2:17-cv-1262-MCE-EFB; (8) *Azevedo v. Garofalo*, Case No. 2:18-cv-2276-MCE-AC; and (9) *Azevedo v. The People of the State of California*, Case No. 2:17-cv-1171-JAM-EFB. (Doc. 1 at 4-7.) The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). The Court may take judicial notice of its own records in other cases. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980). Thus, the Court takes judicial notice of its docket and orders filed in the nine actions identified.

3

### 2. *Azevedo v. Smith*, Case No. 2:18-cv-2818-AC

Azevedo alleges this action was filed on November 1, 2017, and decided the same date. (Doc. 1 at 4.) The Court's records show Azevedo filed a civil rights complaint on October 17, 2018, and requested leave to proceed in forma pauperis. (Case No. 2:18-cv-2818, Docs. 1, 2.) The Court found Azevedo had three dismissals that qualified as strikes under 28 U.S.C. § 1915(g), and he did not demonstrate imminent risk of serious physical injury at the time of filing. (Case No. 2:18-cv-2818, Doc. 5 at 2-3.) The Court denied his request to proceed IFP and ordered payment of the filing fee. (Case No. 2:18-cv-2818, Doc. 7.) After Plaintiff failed to do so, the magistrate judge recommended dismissal. (Case No. 2:18-cv-2818, Doc. 12.) Plaintiff filed objections to the Findings and Recommendations on January 28, 2019. (Case No. 2:18-cv-2818, Doc. 15.) After performing a de novo review, the Court dismissed the action without prejudice for his failure to pay the filing fee and entered judgment on February 26, 2019. (Case No. 2:18-cv-2818, Docs. 16, 17.)

### 3. *Azevedo v. Colusa County*, Case No. 2:18-cv-3217-WBS-KJN

According to Azevedo, this case was filed *and* decided on January 23, 2019. (Doc. 1 at 5.) However, the Court's records show that on January 23, 2019, the Court granted Azevedo's request to proceed IFP and screened the complaint pursuant to 28 U.S.C. § 1915A(a). (Case No. 2:18-cv-3217, Doc. 9.) Azevedo filed a civil rights complaint against Colusa County and the Colusa County Jail Law Library on December 17, 2018, and requested leave to proceed IFP. (Case No. 2:18-cv-3217, Docs. 1, 2.) The Court dismissed the complaint with leave to amend, after which Azevedo filed an amended complaint on February 11, 2019. (Case No. 2:18-cv-3217, Doc. 12.) Upon finding Plaintiff also failed to state a cognizable claim in the amended complaint, the Court dismissed the action with prejudice on April 26, 2019. (Case No. 2:18-cv-3217, Docs. 15, 17.)

### 4. *Azevedo v. Colusa County Superior Ct.*, Case No. 2:17-cv-0545-DB

Azevedo asserts that in this action, "the decided date [was] before the filed date," as the matter was filed on October 2, 2017, and decided on September 30, 2017. (Doc. 1 at 5, emphasis in original, quotation marks omitted.) The Court's records contradict this claim and show Azevedo filed a petition for writ of habeas corpus on March 4, 2017. (Case No. 2:17-cv-0545, Doc. 1.) The Court performed a preliminary review and dismissed the petition with leave to amend because Azevedo failed to state a

cognizable claim for habeas relief.  (Case No. 2:17-cv-0545, Doc. 15.)  Although the order was signed on September 30, 2017, it was docketed on October 2, 2017.  (*See id.* at 5.)  Azevedo filed an amended petition on October 12, 2017.  (Case No. 2:17-cv-0545, Doc. 16.)  The Court ordered Respondent to file a response to the petition, after which Respondent moved to dismiss.  (Case No. 2:17-cv-0545, Docs. 18, 23.)  Azevedo filed several documents while the motion was pending, including lodging a second amended petition.  (*See*, *e.g*., Case No. 2:17-cv-0545, Docs. 27, 28, 29, 30, 31, 33.)  In addition, he filed an opposition and objections to the motion to dismiss.  (Case No. 2:17-cv-0545, Docs. 45, 46.)  The Court observed that Azevedo "acknowledge[d] that he has completed his sentence on the challenged conviction."  (Case No. 2:17-cv-0545, Doc. 49 at 5, citing Doc. 46 at 2.)  Instead, he was "in prison for a different offense."  (*Id*. at 4-5.)  Because Azevedo's "sentence expired before he filed the petition," the Court found it lacked jurisdiction over the petition and dismissed the petition with prejudice on January 30, 2019.  (*Id*. at 5-6.)  Azevedo filed a Notice of Appeal to the Ninth Circuit, which denied a certificate of appealability.  (Case No. 2:17-cv-0545, Docs. 61, 66.)

### 5.  *Azevedo v. Colusa County Jail*, Case No. 2:17-cv-0472-AC

Plaintiff contends this action was also "decided before it was filed," alleging the filing date was December 28, 2017, and decision date was December 27, 2017.  However, the identified dates concern Findings and Recommendations signed on December 27, 2017.  (*See* Case No. 2:17-cv-0472, Doc. 9.)  Rather this action was filed on March 3, 2017, when Azevedo filed a complaint against Colusa County Jail; Judge Jeffrey Thompson with Colusa County Superior Court; and Keri King, an employee of Colusa County Jail.  (Case No. 2:17-cv-0472, Doc. 1 at 2.)  The Court screened the complaint and found "none of [the] putative claims cognizable under Section 1983."  (Case No. 2:17-cv-0472, Doc. 9 at 4; *see also id.* at 2-3.)  The Court also found Azevedo was "unable to allege any facts, based upon the circumstances he challenges, that would state a cognizable claim" and recommended dismissal.  (*Id.*)  Although the magistrate judge signed the Findings and Recommendations on December 27, 2017 (*id.* at 5), the document was docketed December 28, 2017, when the Court served Azevedo by mail.  He did not file objections, and the Court dismissed the action without leave to amend on February 21, 2018.  (Case No. 2:17-cv-0472, Doc. 10.)

### 6.  *Azevedo v. Thompson*, Case No. 2:17-cv-1262-MCE-EFB

According to Acevedo, this action was "[a]gain decided before [the] filing date," because he asserts it was filed on January 11, 2018, but decided on January 10, 2018. (Doc. 1 at 6.) However, the Court records show the action was filed on June 16, 2017, with a complaint against Jeffrey Thompson, Colusa County Superior Court Judge, and Albert Smith, his court-appointed counsel. (Case No. 2:17-cv-1262, Doc. 1 at 2.) Azevedo filed an amended complaint on December 7, 2011. (Case No. 2:17-cv-1262, Doc. 9.) The magistrate judge issued Findings and Recommendations, finding that Azevedo was unable to state a cognizable claim against the state court judge and counsel under Section 1983, and recommending dismissal without leave to amend. (Case No. 2:17-cv-1262, Doc. 11.) The magistrate judge signed the document on January 10, 2011, and the Court docketed the document on January 11, 2018. (*Id.*) Azevedo did not file objections, and the Court adopted the Findings and Recommendations on April 10, 2018. (Case No. 2:17-cv-1262, Doc. 15.)

   7.   *Azevedo v. Garofalo*, Case No. 2:18-cv-2276-MCE-AC

Azevedo asserts this case was filed on November 8, 2018, but was decided the day before on November 7, 2018. (Doc. 1 at 6.) The Court's records establish that Azevedo constructively filed a petition for writ of habeas corpus to initiate this case on July 25, 2018. (Case No. 2:18-cv-2276, Doc. 1.) The Court performed a preliminary review of the petition and found it appeared Azevedo "filed this action prior to exhausting his claims in the California Supreme Court." (Case No. 2:18-cv-2276, Doc. 7 at 4.) By order signed on November 7, 2018—and docketed the following day—the Court dismissed the petition with leave to amend. (*Id.*) The Court granted Azevedo an extension of time, but Azevedo failed to file an amended petition. Consequently, the Court dismissed the action without prejudice on April 9, 2019. (Case No. 2:18-cv-2276, Doc. 18.)

   8.   *Azevedo v. The People of the State of California*, Case No. 2:17-cv-1171-JAM-EFB

Although Azevedo contends this case was filed on July 12, 2017, and decided July 11, 2017, (Doc. 1 at 6), the Court's records again contradict this. Azevedo constructively filed a petition for writ of habeas corpus on May 23, 2017. (Case No. 2:17-cv-1171, Doc. 1.) The Court performed a preliminary review of the petition and observed this was Azevedo's "third… challenge to his November 23, 2016 conviction in the Colusa County Superior Court." (Case No. 2:17-cv-1171, Doc. 9 at 1.) Because Azevedo acknowledged that his "direct appeal [was] 'still going,'" the Court found it

6

was required to "abstain from addressing the instant petition." (*Id.* at 2.) The magistrate judge issued Findings and Recommendations, which he signed on July 11, 2017, and the Court docketed on July 12, 2017. (*Id.* at 3.) Azevedo filed objections, followed by several requests for status updates. (Case No. 2:17-cv-1171, Docs. 10, 11, 12, 13.) The Court adopted the Findings and Recommendations and dismissed the action on December 20, 2017. (Case No. 2:17-cv-1171, Doc. 14.)

### 9. *Azevedo v. Pfeiffer*, Case No. 2:21-cv-187-KJM-AC

Azevedo alleges this action was filed and decided on the same date, March 31, 2023. (Doc. 1 at 4.) However, the Court's records show this action was dismissed more than two years after the filing date. Azevedo filed a petition for writ of habeas corpus filed on February 1, 2021, which he amended on March 17, 2021. (Case No. 2:21-cv-187, Docs. 1, 8.) Respondent moved to dismiss the petition (Case No. 2:21-cv-187, Doc. 20), and the magistrate judge found recommended the motion be granted on March 31, 2023, because the claims were barred by the *Younger* abstention doctrine. (Case No. 2:21-cv-187, Doc. 38.) Petitioner filed objections on April 11, 2023. (Case No. 2:21-cv-187, Doc. 40.) Upon *de novo* review, the Court adopted the recommendations and dismissed the Petition on May 18, 2023. (Case No. 2:21-cv-187, Doc. 41.)

### 10. Conclusion

Azevedo does not support his speculation that the state and federal courts are working together to prevent his cases from moving forward, or that the Court is tampering with his mail. The state and federal courts are completely different judicial systems and have different jurisdictional and filing requirements. Moreover, the Court's records plainly contradict Azevedo's assertion that the Eastern District issued decisions the same day as the filing, or even before an action was filed. Indeed, in many of the identified cases, Azevedo had the opportunity to amend his complaint or petition, and to file substantive responses to the Court. This also demonstrates that the Court properly served its documents by mail and that Azevedo received the documents. Accordingly, to the extent that Azevedo objects to the Findings and Recommendations based upon alleged misconduct of the Court because his cases "were filed and closed within minutes," the objection is plainly without merit.

**B.      Declining magistrate judge jurisdiction**

Azevedo suggests the magistrate judge acted improperly by issuing Findings and

1 Recommendations because he did not consent to the magistrate judge to issue decisions in this action.
2 (Doc. 8 at 1.)  However, this matter was referred to the United States Magistrate Judge pursuant to 28
3 U.S.C. § 636(b)(1)(B), under which a magistrate judge may "submit to a judge of the court proposed
4 findings of fact and recommendations for the disposition" of certain matters.  The magistrate judge did
5 not issue a dispositional order or act beyond the scope of granted authority.  Rather, the magistrate
6 judge prepared the Findings and Recommendations as authorized under 28 U.S.C. § 636(b)(1)(B).
7 Thus, Azevedo's objections that he declines consent to the magistrate judge, and that the Finding and
8 Recommendations issued before he had the opportunity to file the form, are unavailing.

### C. Qualifying strikes

Title 28 U.S.C. § 1915(g) is part of the Prison Litigation Reform Act, which was intended to address the overwhelming number of lawsuits by prisoners and eliminate frivolous actions.  See *Lomax v. Ortiz-Marquez*, 590 U.S. 595, 597 (2020) (the PLRA was enacted "[t]o help staunch a 'flood of nonmeritorious' prisoner litigation") (citation omitted).  Under the PLRA, "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).  Pursuant to the "Three Strikes" provision of the PLRA:

> In no event shall a prisoner bring a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in the United States that was dismissed on grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The magistrate judge identified four actions that the Court dismissed for failure to state a claim prior to the filing of this action: (1) *Azevedo v. Thompson*, Case No. 2:17-cv-01262-MCE-EFB (E.D. Cal. April 10, 2018); (2) *Azevedo v. Colusa County Jail*, Case No. 2:17-cv-00472-JAM-AC (E.D. Cal. Feb. 21, 2018); (3) *Azevedo v. Smith*, Case No. 2:16-cv-01214-TLN-AC (E.D. Cal. Aug. 9, 2016); and *Azevedo v. Smith*, Case No. 2:16-cv-2809-JAM-EFB (E.D. Cal. Dec. 11, 2017).  Azevedo does not dispute that the dismissals in the four cases identified were for grounds identified as strikes in Section

1915.  (*See* Docs. 6, 8, 9.)  Azevedo contends his strikes should not be counted because he filed the actions while under "a totally different incarceration," and that he was rearrested for a different crime in June 2018.  (Doc. 6 at 2; Doc. 9 at 1-2.)

Whether a case dismissal occurred during a current period of incarceration, or a prior incarceration is not relevant to the determination of whether a dismissal qualifies as a strike.  As this Court previously observed, definition of a "prisoner" under Section 1915 "acknowledges possible violation of conditions of parole, probation, or pretrial release."  *Hoffman v. Pulido*, 2018 U.S. Dist. LEXIS 47696, at *4 (E.D. Cal. Mar. 22, 2018).  As such, Section 1915 "encompasses occasions where one has been released from custody and is subsequently re-incarcerated."  *Id.* (rejecting the plaintiff's argument that "his release erases all prior strikes').  The argument that strikes are "reset" with each period of incarceration "is inconsistent with the plain language of [Section] 1915(g), which applies to any 'prisoner' who 'while incarcerated or detained in any facility' earns three strikes."  *Johnson v. Mesa*, 2021 WL 510275, at *2 (M.D. Fl. Feb. 11, 2011) (rejecting such an argument because Section 1915(g) "nowhere mentions individual sentences or lawsuits related to a single criminal judgment").  Accordingly, Azevedo fails to show the dismissals incurred from cases filed during his prior incarceration should not be counted as strikes.

D. **Imminent danger exception**

Once a prisoner-plaintiff accumulated three strikes, he may not proceed without paying the full filing fee, unless "the complaint makes a plausible allegation" that the prisoner "faced 'imminent danger of serious physical injury' at the time of filing" of the complaint.  *Andrews v. Cervantes*, 493 F.3d 1047, 1051-52 (9th Cir. 2007).  The Ninth Circuit determined that "the PLRA requires a nexus between the alleged imminent danger and the violations of law alleged in the prisoner's complaint."  *Ray v. Lara*, 31 F.4th 692, 700-701 (9th Cir. 2022).  To determine whether such a nexus exists, the Court must consider "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury."  *Id.* at 700.  The Court must construe the prisoner's "facial allegations" liberally to determine whether the allegations of physical injury are plausible.  *Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015).

Azevedo does not assert an imminent danger of serious physical injury in the complaint. As the magistrate judge observed, Azevedo's allegations in the complaint concern the Court issuing decisions quickly and the fairness of its actions. (*See* Doc. 5 at 3.) Azevedo does not dispute this but contends in his objections that he satisfies the "imminent danger" exception to Section 1915 because "every single day that [he is] incarcerated [his] life is in danger of serious physical injury." (Doc. 6 at 1; *see also* Doc. 9 at 2.) For example, Azevedo asserts that he was "[a]ttacked and [a]ssaulted by another inmate or patient with a weapon" on December 3, 2023. (*Id.* at 1.) However, status as incarcerated individual alone does not support a conclusion that he is under a serious risk of physical injury. The single instance of violence in December 2023 also does not support a conclusion that Azevedo was under a serious risk of physical harm when he filed this action nearly a year later, in November 2024. Finally, there is no showing of a nexus between the allegations of the complaint and the physical harm suffered by Azevedo, or any imminent harm. Consequently, Azevedo fails to show he is entitled to proceed under the imminent danger exception to Section 1915(g). *See Ray*, 31 F.4th at 700-701.

## IV.     Conclusion and Order

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the entire matter, including Plaintiff's objections, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations dated November 18, 2024 (Doc. 5) are **ADOPTED** in full.
2. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is **DENIED**.
3. Plaintiff **SHALL** pay the filing fee of $405.00 in full within 30 days to proceed with this action.

///
///
///
///

**<u>Failure to pay the filing fee in full will result in dismissal without prejudice.</u>**

IT IS SO ORDERED.

Dated:  **January 1, 2025**

/s/ Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE